## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, SW, Suite 800<br>Washington, DC 20024,<br><br>          Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1400 Defense Pentagon<br>Washington, DC 20301,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Defense to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.    Defendant U.S. Department of Defense is an agency of the United States Government and is headquartered at 1400 Defense Pentagon, Washington, DC 20301. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.    On August 14, 2015, Plaintiff submitted a FOIA request to the Air Force, a component of Defendant, seeking the following:

1. Any and all records concerning mission taskings of flights escorting members of Congress;

2. Any and all records concerning transportation costs for transporting members of Congress;

3. Any and all passenger manifests (DD-2131) for transporting members of Congress;

4. Any and all weekly travel reports for members of Congress.

The time frame for this request runs from July 1, 2015 to the present.

6.    By letter dated September 1, 2015, Defendant acknowledged receiving Plaintiff's request and advised Plaintiff that the request had been assigned Case # 2015-05709-F.

7.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days after receipt of the request and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination.  Accordingly, Defendant's determination was due by September 21, 2015 at the latest.

8.     As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

9.     Because Defendant has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

### COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

10.     Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11.     Defendant is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request that are not lawfully exempt from production.

13.     Plaintiff is being irreparably harmed by reason of Defendant's violations of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply fully with FOIA.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other

litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5)

grant Plaintiff such other relief as the Court deems just and proper.

Dated:  December 22, 2015                    Respectfully submitted,

                                            */s/ Lauren M. Burke*
                                            Lauren M. Burke
                                            D.C. Bar No. 1028811
                                            JUDICIAL WATCH, INC.
                                            425 Third Street SW, Suite 800
                                            Washington, DC 20024
                                            (202) 646-5172

                                            *Counsel for Plaintiff*